Torruella v. The Registrar of Property.

Appeal from a Decision of the Registrar of Property of Ponce.

No. 9.—Decided June 29, 1907.

Legacy—Prohibition to Alienate—Encumber, Etc.—Usufruct.—In the will involved in the case at bar, the testator, in making a bequest in favor of his son, set forth the following: "That the legatee shall not alienate, barter, encumber, or mortgage the urban property belonging to him by virtue of such bequest, but may only enjoy the usufruct thereof and preserve the property for his legitimate descendants." *Held:* That the prohibition of the testator was absolute, and limited not only the property itself, but the usufruct thereof, and that the legatee could not assign the latter to a third party.

The facts are stated in the opinion.

*Mr. García Cuervo* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Emilio García Cuervo on behalf of Rafael Torruella y Cortada from a decision of the Registrar of Property of Ponce refusing to admit to record a deed assigning the usufruct of part of an urban estate.

By public deed executed in the city of Ponce before Attorney and Notary José F. Fernández, of said city, on March 21 of the current year, Carlos Gavarain y Besosa assigned to Rafael Torruella y Cortada in consideration of the sum of $1,000, the receipt of which he acknowledged, his usufruct in a lot containing a masonry house with an upper and lower floor bearing government No. 2, situated on the corner of Villa, now Rafael Cordero, and Concordia Streets, in said city of Ponce, the usufruct of which he had received by legacy from his deceased father, Carlos Gavarain y Grajales, by the closed will which the latter executed on November 22, 1892, protocoled in the notarial office of Rosendo Matienzo Cin-

trón, in which will the testator disposes "that the devisee herein, Gavarain y Besosa, shall not alienate, exchange, encumber, or mortgage the urban estate to which he may be entitled by virtue of said legacy, but shall enjoy only the usufruct thereof, the ownership being reserved to his legitimate descendants."

Upon presentation of this deed for record in the registry of property of Ponce, the registrar refused to admit it for the reasons set forth in the following decision:

"The record of the foregoing document is denied, because the share in the estate, the life usufruct of which Carlos Gavarain Besosa assigns, having been awarded to him in payment of his part of the legacy left by his father, Carlos Gavarain y Grajales, and under the condition imposed by the latter in his will, that none of his children should alienate, exchange, encumber, or mortgage, in any part, the urban or rural estates which may be awarded to them under such devise, but shall only enjoy the usufruct thereof, retaining the ownership for their legitimate descendants; this prohibition, which is absolute, limits the full ownership both of the usufruct and of the naked ownership; because it is evident that the intention of the testator was not only to preserve the property devised for transmission to the legitimate descendants of the devisee, but also that the latter should enjoy the usufruct thereof during his lifetime, and in such case this provision is violated by the assignment made in said deed. And in lieu of the record a cautionary notice has been entered effective for a period of four months, at folio 205 of volume 140 of this municipality, estate number 740, triplicate, record letter B. Ponce, April 16, 1907."

Attorney Emilio García Cuervo took an appeal from this decision on behalf of Rafael Torruella y Cortada seeking a reversal thereof, and that an order issue to the registrar to make the record of the deed, with the costs.

The grounds upon which the decision is based are sustained.

The decision of the registrar of property denying the record is affirmed, and it is ordered that the deed presented

be returned to him together with a copy of this decision, for his information and other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.